**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CAROL MCCURDY,

    Plaintiff,

v.                                         Case No. 3:13-cv-1547-J-34MCR

COCA-COLA,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction, and therefore, have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On December 17, 2013, Defendant Coca-Cola filed a notice of removal notifying the Court of its intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts establishing that

the Court has jurisdiction over this action. See Defendant Coca-Cola Refreshments USA, Inc.'s Notice of Removal (Doc. No. 1; Notice) at 1-2. Specifically, Defendant asserts that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, in accordance with 28 U.S.C. § 1332, and therefore, the action is removable pursuant to 28 U.S.C. § 1441. See id. In support of this assertion, Defendant declares that "Plaintiff is a resident of the State of Florida[,]" and that Defendant "is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Georgia." Id. at 2 (emphasis added). However, upon review, the Court determines that the Notice does not adequately identify Plaintiff's citizenship, and that the Complaint (Doc. No. 2; Complaint) does not offer sufficient additional information to satisfy the Court's jurisdictional inquiry.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).

Because the Notice discloses Plaintiff's residence, rather than her domicile or state of citizenship, the Court finds that Defendant has not alleged the facts necessary to establish the Court's jurisdiction over this case. "Citizenship, not residence, is the key fact that must

be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367 (emphasis supplied); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'").

In light of the foregoing, the Court will give Defendant an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over the action.[1]  Accordingly, it is **ORDERED**:

Defendant shall have until **February 10, 2014**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 13th day of January, 2014.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:

Counsel of Record
Pro Se Plaintiff

---

[1] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").